**FILED**
**Apr 05, 2024**
**10:04 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **WILLIAM JONES,** | ) | **Docket No.: 2022-08-0248** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TRANSFORCE, INC.,** | ) | **State File No.: 36038-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **ACE AMERICAN INSURANCE** | ) | **Judge Shaterra R. Marion** |
| **COMPANY,** | ) | |
| **Carrier.** | ) | |

_____

## EXPEDITED HEARING ORDER DENYING BENEFITS

_____

The Court held an expedited hearing on March 27, 2024, on Mr. Jones's request for medical and temporary disability benefits for his back injury. Transforce argues Mr. Jones did not provide proper notice of his injury and that it is not primarily related to his work. The Court holds that Mr. Jones did provide proper notice but denies his request because the authorized treating physician determined that Mr. Jones's current condition is not primarily related to his workers' compensation injury.

### History of Claim

Mr. Jones alleged he injured his back on January 15, 2021, in a motor vehicle accident while driving for Transforce.

A First Report of Injury form shows Transforce received notice of Mr. Jones's injury on the day of his work accident. He testified that he notified Transforce of the injury and spoke to a Transforce nurse, who instructed him to seek medical attention.

At the hospital, he was referred to NorthStar Healthcare, where he underwent physical therapy, had a lumbar MRI, and received an epidural injection. A physical therapist at NorthStar noted that Mr. Jones had pain after his motor vehicle collision.

1

Transforce paid for the treatment at NorthStar, and Mr. Jones selected Dr. Riley Jones from a panel.

Dr. Jones wrote in a causation letter that Mr. Jones's MRI showed only degenerative changes and no acute injury. He could not state to a reasonable degree of medical certainty that Mr. Jones's diagnosis arose primarily out of and in the course and scope of his employment, considering all possible causes. He released Mr. Jones at maximum medical improvement.

Transforce contends that Mr. Jones failed to provide proper notice because he admitted in his request for admissions that he did not give written notice of his injury, nor did he report the injury by calling Transforce nurse's line.

## Findings of Fact and Conclusions of Law

Mr. Jones has the burden of proving he is likely to prevail at trial on medical and temporary benefits for his back injury. Tenn. Code Ann. § 50-6-102(12) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Tennessee Code Annotated section 50-6-201 states that an employer needs either actual notice or for an injured employee to submit written notice within fifteen days of the workplace accident.

Here, Mr. Jones testified he informed Transforce of his workplace accident. More importantly, Transforce's First Report of Injury, a document prepared by Transforce, records that Transforce was notified of Mr. Jones's injury the day it occurred. Thus, the Court finds that Transforce had actual notice of Mr. Jones's workplace accident.

However, the analysis does not end there. Mr. Jones must establish that his injury arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(12).

Transforce offered the opinion of Dr. Jones, who specifically said Mr. Jones's work injury did not primarily cause his back injury. Dr. Jones, as the authorized panel physician, has a presumption of correctness on causation. Tenn. Code. Ann. § 50-6-102(12)(E). This presumption can be rebutted by a preponderance of the evidence. *Id.*

Mr. Jones offered medical records from NorthStar but no causation opinion from a qualified expert. Rather, a physical therapist merely noted that he had pain after his work accident. A physical therapist's notation of Mr. Jones's history is not a causation opinion. Further, Tennessee Code Annotated section 50-6-102(12)(D) requires "the opinion of [a]

physician" on causation. Therefore, Mr. Jones's proof is insufficient to rebut the presumption afforded Dr. Jones.

Thus, the Court holds that Mr. Jones is not likely to prevail at trial in establishing that his back injury arose primarily out of and in the course and scope of his employment.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Jones's request for medical and temporary benefits is denied at this time.

2. The court sets **a status conference for June 3, 2024, at 10:00 a.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED April 5, 2024.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Medical Records Submitted by Mr. Jones
2. Panel of Physicians
3. Declaration of Dr. Riley Jones
4. Dispute Certification Notice
5. Medical Questionnaire of Dr. Riley Jones
6. Dr. Riley Jones's Independent Medical Exam and Records
7. First Report of Injury

8. Request for Admissions and Order
9. Northstar Pain Management Consent Form
10. Medical Bills

Marked for Identification Only:
Medical Records submitted by Mr. Jones on the hearing date

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Status Hearing
4. May 10, 2023 Status Order
5. Feb. 20, 2024 Status Order
6. Feb. 22, 2024 Order Resetting Expedited Hearing
7. Employer Prehearing Statement
8. Employer Witness and Exhibit List

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on April 5, 2024.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| William Jones, Employee | X | X | 6764 Clarmore Drive Olive Branch, MS 38654 williamjones202322@gmail.com |
| Jennifer Thomas, Employer's Attorney | | X | jdthomas@mijs.com inhoward@mijs.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*